**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Criminal Case No. 11-cr-00162-REB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.  SCOTT EDWIN TAYLOR,

    Defendant.

**ORDER TERMINATING SUPERVISED RELEASE**

**Blackburn, J.**

    The matter is before me *sua sponte* to consider the early termination of supervised release. Having considered carefully the record, the applicable law, and the position of the magistrate judge, the probation officer, the government, and the defendant, I conclude that supervised release should be terminated effective immediately.

    Early termination of supervised release is tantamount to a modification of supervised release, which, in turn, is governed by 18 U.S.C. § 3583(e)(1), which provides,

> (e) Modification of conditions or revocation.--The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) –
> (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C. § 3583(e)(1).

In turn, under the Federal Rules of Criminal Procedure, modification of probation is governed by Rule 32.1, which provides,

> (c) Modification.
> (1) In General. Before modifying the conditions of probation or supervised release, the court must hold a hearing, at which the person has the right to counsel.
> (2) Exceptions. A hearing is not required if:
> (A) the person waives the hearing; or
> (B) the relief sought is favorable to the person and does not extend the term of probation or of supervised release; and
> (C) an attorney for the government has received notice of the relief sought, has had a reasonable opportunity to object, and has not done so.

Fed. R. Crim. P. 32.1(c).

No hearing is necessary. Early termination of supervised release is favorable to the defendant. Neither the government nor the probation officer objects to early termination. Fed. R. Crim. P. 32.1(c)(2).

Thus, after considering carefully (1) the record; (2) the position of all parties in interest; and (3) the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7), I find and conclude that early termination is warranted by the conduct of the defendant and is in the interest of justice.

**THEREFORE, IT IS ORDERED** that effective forthwith the supervised release of the defendant Scott Edwin Taylor is **TERMINATED**.

Dated September 12, 2012, at Denver, Colorado.

**BY THE COURT:**

Bob Blackburn
Robert E. Blackburn
United States District Judge